**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| ANDRA CHERI MORELAND, CLAUDIA SAMPEDRO and JANET GUZMAN,<br><br>Plaintiffs,<br><br>- against -<br><br>THE PALMS AT HAMILTON LLC d/b/a BAR WATSON and FTR, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiffs ANDRA CHERI MORELAND, CLAUDIA SAMPEDRO and JANET GUZMAN, (collectively, "Plaintiffs"), file this Complaint against THE PALMS AT HAMILTON LLC ("Palms LLC"), d/b/a BAR WATSON and FTR, LLC ("FTR LLC") (collectively, "Defendants") respectfully allege as follows:

**BACKGROUND**

1. This is an action for damages and injunctive relief relating to Defendants' misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote their night club, BAR WATSON located at 6925 Shallowford Rd Ste 202, Chattanooga, Tennessee 37421 (**hereinafter referred to as the "Night Club" or "Bar Watson"**).

2. As detailed below, Defendants' misappropriation and unauthorized use of Plaintiffs' images, photos and likenesses (collectively, "Images") constitutes: a) Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A) - False Association- as to Palms LLC; b) Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(B) - False Advertising- as to Palms LLC; c) Violation of the Tennessee Personal Rights Protection Act of 1984, T.C.A. §§ 47-25-1101 to 47-25-1108 "TRPA" or "ELVIS Act"- as to Palms LLC; d) Common Law Right of Publicity- as to Palms LLC; e) Violation of the Tennessee Consumer Protection Act of 1977, T.C.A. 47-18-101 to

47-18-570- as to Palms LLC; f) Defamation- as to Palms LLC; g) Negligence/Respondeat Superior- as to Palms LLC; h) Conversion- as to Palms LLC; i) Unjust Enrichment- as to Palms LLC; j) Quantum Meruit- as to Palms LLC; and k) Negligence- as to FTR LLC.

3. In addition to the actual, compensatory, and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendants from using any of their Images in any way and through any medium.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under the Lanham Act, 15 U.S.C. § 1125(a)(1).

5. This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

6. Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States.

7. According to publicly available records, Defendant The Palms at Hamilton LLC, is a limited liability company formed under the laws of the state of Tennessee, with its principal place of business located at 6925 Shallowford Rd Ste 202, Chattanooga, Tennessee, 37421. Upon information and belief, The Palms at Hamilton LLC operates Bar Watson, which is located at 6925 Shallowford Rd Ste 202, Chattanooga, Tennessee 37421.

8. According to publicly available records, Defendant FTR, LLC, is a limited liability company formed under the laws of the state of Georgia, with its principal place of business located at 6925 Shallowford Rd 302, Chattanooga, Tennessee, 37421.

9. Venue is proper in the United States District Court for the Eastern District of Tennessee because Defendants' principal place of business is located in Chattanooga, Tennessee, (Hamilton County).

10. A significant portion of the alleged causes of action arose and accrued in Chattanooga, Tennessee and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Chattanooga, Tennessee.

## PARTIES

***Plaintiffs***

11. Plaintiff Andra Cheri Moreland ("Cheri") is a well-known professional model, and a resident of Orange County, California.

12. Plaintiff Claudia Sampedro ("Sampedro") is a well-known professional model, and a resident of Miami-Dade County, Florida.

13. Plaintiff Janet Guzman ("Guzman") is a well-known professional model, and a resident of Los Angeles County, California.

***Defendants***

14. Defendant, The Palms at Hamilton LLC, is a limited liability company formed under the laws of the state of Tennessee and registered to conduct business in Tennessee. During times relevant to this action, The Palms at Hamilton LLC operated Bar Watson.

15. Defendant, FTR, LLC, is a limited liability company formed under the laws of the state of Georgia and registered to conduct business in Georgia and Tennessee. At all times relevant to this action, FTR LLC was the landlord of the premise where Bar Watson operated.

## FACTUAL ALLEGATIONS

16. Each Plaintiff is a well-known professional model who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

17. Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

18. Each of the Plaintiffs' Images was misappropriated, and intentionally altered, by Defendants to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendants.

19. In the case of each Plaintiff, this apparent claim was false.

20. Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

21. No Plaintiff has ever received any remuneration for Defendants' improper and illegal use of their Images, and Defendants' improper and illegal use of Plaintiffs' Images have caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

22. Further, in certain cases Defendants misappropriated Plaintiffs' advertising ideas because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand.

***Plaintiffs' Individual Backgrounds and Careers***

23. Cheri is a published model with companies such as Monster Energy, K&N Filters, Moskova Underwear and Ultimate Armwrestling League. She became a brand ambassador for Shredz. She was featured as a Maxim Instagram Girl of the Week, and was also Playboy's October 2015 Playmate of the Month. She has made appearances in numerous TV series, including Booty Boot Camp, Nuclear Family, Playmate Playback and many more. She is also the owner of Change Fate Active formerly known as Cheri Fit activewear, which sells fit apparel. Cheri currently has over 12.5 million followers on Instagram, over 31,300 followers on Twitter, and over 105,000 followers on Facebook.[1]

24. Upon infomration and belief, Cheri is depicted in the photo in Exhibit "A" to promote Bar Watson on its Facebook page. This Image was intentionally altered to make it appear that Cheri was either an employee working at Bar Watson, that she endorsed Bar Watson, or that she was otherwise associated or affiliated with Bar Watson.

25. Cheri has never been employed at Palmas LLC's establishment, has never been hired to endorse Bar Watson, has never been otherwise associated or affiliated with Bar Watson,

[1] In the modeling world and talent industry (in general), the number of online Instagram "followers", X "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

has received no remuneration for Palmas LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

26. Sampedro is a Cuban born model, mother, and spokeswoman. Sampedro moved to Miami when she was 6 years old and at age 16, was discovered by Elite models. Sampedro has appeared in many catalogues, and magazine editorials. She has a number of cover credits for magazines such as Nine 5 Four, Shock, Face to Face and Mixed. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Sampedro has three children and is married to former Green Bay's star defensive end Julius Peppers. Sampedro is in the Social Media Influencers top class with over a million Instagram followers and a further combined 150,000 fans on Facebook and X (formerly known as Twitter).

27. Upon infomration and belief, Sampedro is depicted in the photo in Exhibit "B" to promote Bar Watson on its Facebook page. This Image was intentionally altered to make it appear that Sampedro was either an employee working at Bar Watson, that she endorsed Bar Watson, or that she was otherwise associated or affiliated with Bar Watson.

28. Sampedro has never been employed at Palmas LLC's establishment, has never been hired to endorse Bar Watson, has never been otherwise associated or affiliated with Bar Watson, has received no remuneration for Palmas LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

29. Guzman is a social media star who is widely known for her self-titled Instagram page. She has gained popularity there for her modeling and lifestyle photos, surpassing over 2 million followers. She's widely known to be Fashion Nova's number 1 featured talent. She mostly promotes the clothes of the Fashion Nova clothing brand on her Instagram and has also appeared on the Fashion Nova Billboard located at Melrose and Fairfax (California). She was featured in an exclusive video interview with Fashion Nova in March of 2022. She has also seen her janetguzman_TikTok channel become widely popular, with her videos on the platform earning over 1.9 million total likes. She also runs a popular OnlyFans subscription account and a travel/lifestyle/fashion vlog on YouTube.

30. Upon infomration and belief, Guzman is depicted in the photo in Exhibit "C" to promote Bar Watson on its Facebook page. This Image was intentionally altered to make it appear that Guzman was either an employee working at Bar Watson, that she endorsed Bar Watson, or that she was otherwise associated or affiliated with Bar Watson.

31. Guzman has never been employed at Palmas LLC's establishment, has never been hired to endorse Bar Watson, has never been otherwise associated or affiliated with Bar Watson, has received no remuneration for Palmas LLC's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendants' Business Activities and Misappropriation***

32. Palmas LLC operates (or operated, during the relevant time period,) a Night Club, where they are (or were) engaged in the business of selling alcohol and food in a sexually charged atmosphere.

33. Palmas LLC owns, operates, and controls Bar Watson's social media accounts, including its Facebook, Twitter, and Instagram accounts.

34. Palmas LLC used Bar Watson's Facebook, Twitter, and Instagram accounts to promote Bar Watson's, and to attract patrons.

35. Palmas LLC did this for their own commercial and financial benefit.

36. Palmas LLC has used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that each Plaintiff either worked at Bar Watson, endorsed Bar Watson, or was otherwise associated or affiliated with Bar Watson.

37. Palmas LLC used Plaintiffs' Images and created the false impression with the public that Plaintiffs worked at or endorsed Bar Watson to receive certain benefits from that false impression, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; and an increase in business revenue, profits, proceeds, and income.

38. Palmas LLC was well aware that none of the Plaintiffs have ever been affiliated

with or employed by Bar Watson, and at no point have any of the Plaintiffs ever endorsed Bar Watson or otherwise been affiliated or associated with Bar Watson.

39. All of Palmas LLC' activities, including their misappropriation and republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

40. Palmas LLC has never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

41. Plaintiffs have never received any benefit from Palmas LLC's unauthorized use of their Images.

***Standard Business Practices in the Modeling Industry***

42. It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

43. The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters), known in the modeling industry as "usage"; and, d) the length of time the rights to use the photos will be assigned, known in the modeling industry at the "term."

44. Most licenses to use a model's image are for one-, two-, or three-year terms; but almost never is there a "lifetime" term.

***Defendants' Misappropriation of Plaintiffs' Images***

45. Palmas LLC was aware that, by using Plaintiffs' Images, they were violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Bar Watson.

46. Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

47. In addition, Plaintiffs allege that any the improper unauthorized use of their Images

at issue in this case has substantially injured their respective careers and reputations, because of the negative connotations of false impression of association with Bar Watson.

48. At no point was any Plaintiff ever contacted by any Defendant, or any representative of any Defendant, to request the use of any of Plaintiffs' Images.

49. No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

50. No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including Bar Watson's website, Twitter, Facebook, or Instagram accounts.

51. Palmas LLC used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

**FIRST CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A) - False Association-Palmas LLC)**

52. Plaintiffs re-allege each and every allegation set forth in the paragraphs above and incorporate the same by reference as though fully set forth herein.

53. Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) applies to, and protects Plaintiffs from the conduct described herein.

54. Palmas LLC used Plaintiffs' image in order to create the false impression with the public that Plaintiffs either worked at Palmas LLC's establishment or endorsed Palmas LLC's businesses. This was done to promote and attract clientele to Palmas LLC's establishment and thereby generate revenue for Palmas LLC.

55. Thus, this was done in furtherance of Defendants' commercial benefit.

56. Plaintiffs are in the business of commercializing their identity and selling their images to reputable brands and companies for profit. Palmas LLC's customers are the exact demographic that view Plaintiffs' images in magazines and online. By virtue of Plaintiffs' use of their image and identify to build their brand, they have acquired a distinctiveness through secondary meaning. Plaintiffs' image either suggests the basic nature of their product or service,

identifies the characteristic of their product or service, or suggests the characteristics of their product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive. As such, their brand – the reason their clients seek to hire them – is unique in that it is encompassed in their identity, i.e., their persona.

57. Both Plaintiffs and Palmas LLC compete in the entertainment industry, using similar marketing channels and their respective endeavors overlap. They vie for the same dollars from the same demographic consumer group.

58. As such, an unauthorized use of Plaintiffs' image to promote an establishment created an undeniable confusion in Bar Watson's consumers' minds, which lead to competitive injury to Plaintiffs. There is no doubt that Palmas LLC used Plaintiffs' image for advertising purposes, that is to promote their business enterprises, as such, Palmas LLC's unauthorized and unlawful use of Plaintiffs' image and likeness was an existing intent to commercialize an interest in Plaintiffs' image and likeness

59. Palmas LLC' use of Plaintiffs' image, likeness and/or identity constitutes a false designation of the source of origin, sponsorship, approval, or association which have deceived Plaintiffs' fans and present and prospective clients into believing that Palmas LLC' establishment advertisements are endorsed by Plaintiffs, or sponsored, approved or associated with Plaintiffs.

60. Despite the fact that Palmas LLC were at all times aware that Plaintiffs neither worked at, nor endorsed their establishment, nevertheless, they used Plaintiffs' image in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Palmas LLC' establishment.

61. Palmas LLC knew that their use of Plaintiffs' image would cause consumer confusion as to Plaintiffs' sponsorship and/or employment at Palmas LLC' establishment.

62. Upon information and belief, Palmas LLC' use of Plaintiffs' image did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of Palmas LLC' businesses, and the goods and services provided by Palmas LLC.

63. As a direct and proximate result of Palmas LLC' actions, Plaintiffs have no control over the nature and quality of the line of products or services provided by Palmas LLC, the nature of the advertisements depicting Plaintiffs' image, likeness and/or identity, or how Plaintiffs' image, likeness and/or identity is being depicted by Palmas LLC.

64. Further, any failure, neglect or default by Palmas LLC will reflect adversely on Plaintiffs as the believed source of origin, sponsorship, approval or association thereof, hampering efforts by Plaintiffs to continue to protect their reputation for high quality professional modeling, resulting in loss of sales thereof and the considerable expenditures to promote their personal modeling services to legitimate mainstream media, all to the irreparable harm of Plaintiffs.

65. Due to Palmas LLC' unauthorized use of Plaintiffs' image, Plaintiffs have been damaged in an amount to be determined at trial.

66. WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment against Palmas LLC and grant actual or compensatory damages in an amount to be determined at trial, lost profits, disgorgement of profits earned directly or indirectly by Palmas LLC' unlawful use, attorneys' fees and costs, prejudgment and post-judgment interest, and/or such further relief that is just and proper.

**SECOND CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(B) - False Advertising-Palmas LLC)**

67. Plaintiffs re-allege each and every allegation set forth in the paragraphs above and incorporate the same by reference as though fully set forth herein.

68. Section 43 of the Lanham Act, 15 U.S.C. § 1125, et seq. applies to Palmas LLC and protects Plaintiffs from the conduct described herein. Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .". 15 U.S.C. §1125(a)(1)(B).

69. Palmas LLC used Plaintiffs' image, likeness and/or identity as described herein without authority in order to create the perception that Plaintiffs worked at or were otherwise affiliated with Palmas LLC' establishment, endorsed Palmas LLC' businesses and activities, and/or consented to or authorized Palmas LLC to use their image in order to advertise, promote, and market Palmas LLC' businesses, Palmas LLC' establishment, and/or Palmas LLC' establishment events and activities.

70. Palmas LLC' use of Plaintiffs' image, likeness and/or identity to advertise, promote and market Palmas LLC' businesses, Palmas LLC' establishment, and/or Palmas LLC' events and activities as described in this Complaint was false and misleading.

71. Palmas LLC' unauthorized use of Plaintiffs'' image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Plaintiffs worked at or were otherwise affiliated with Palmas LLC' establishment, endorsed Palmas LLC' businesses, Palmas LLC' establishment or Defendant events or activities, or consented to or authorized Palmas LLC' usage of their image in order to advertise, promote, and market Palmas LLC' businesses or Defendant events and activities and/or that Plaintiffs would participate in or appear at the specific events promoted in the advertisements.

72. Palmas LLC' false advertising described above have the capacity or tendency to confuse consumers, including actual and prospective patrons of Palmas LLC' establishment, as to the general quality of attendees and participants of Palmas LLC' establishment and in their events, as well as specifically whether Plaintiffs worked at or were otherwise affiliated with Palmas LLC' establishment, endorsed Palmas LLC' businesses, Palmas LLC' establishment or Defendant establishment events or activities, or consented to or authorized Palmas LLC' usage of their image in order to advertise, promote, and market Palmas LLC' businesses or Defendant establishment events and activities.

73. Upon information and belief, Palmas LLC' false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiffs worked at or was otherwise affiliated with Palmas LLC' establishment, endorsed Palmas LLC' businesses, or

Defendant establishment events and activities, or consented to or authorized Palmas LLC' usage of their image in order to advertise, promote, and market Palmas LLC' businesses or Defendant establishment events and activities.

74. Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to join Palmas LLC' establishment, visit Palmas LLC' establishment, and participate in events at Palmas LLC' establishment and had a material effect and impact on the decision of members and prospective members and participants to join Palmas LLC' establishment, visit Palmas LLC' establishment and take part in the events at Palmas LLC' establishment.

75. Palmas LLC' unauthorized use of Plaintiffs' image, likeness and/or identity as described herein was designed to benefit Palmas LLC' businesses interests by, among other things, promoting Palmas LLC' establishment and their activities and attracting clientele to Palmas LLC' establishment.

76. Palmas LLC knew or should have known that their unauthorized use of Plaintiffs' image, likeness and/or identity would cause consumer confusion as described in this Complaint.

77. Palmas LLC' unauthorized use of Plaintiffs' image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a) and was wrongful.

78. Palmas LLC' wrongful conduct as described herein was willful.

79. As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

80. Palmas LLC had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiffs of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiffs.

81. The method and manner in which Palmas LLC used the image of Plaintiffs further evinces that Palmas LLC were aware of or consciously disregarded the fact that Plaintiffs did not consent to Palmas LLC' use of their image to advertise Palmas LLC' businesses.

82. Palmas LLC have caused irreparable harm to Plaintiffs, their reputation and brand by attributing to Plaintiffs the establishment lifestyle and activities at Palmas LLC' establishment.

83. Palmas LLC' unauthorized use of Plaintiffs' image, likeness and/or identity directly and proximately caused and continue to cause damage to Plaintiffs in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(Violation of the Tennessee Personal Rights Protection Act of 1984, T.C.A. §§ 47-25-1101 to 47-25-1108 "TRPA" or "ELVIS Act"- Palmas LLC)**

84. Plaintiffs re-allege each and every allegation set forth in the paragraphs above and incorporate the same by reference as though fully set forth herein.

85. Each Plaintiff has identified herself in each of Plaintiffs' Images as set forth in the exhibits attached to this complaint and each Plaintiff alleges upon information and belief that her image is readily identifiable in each photograph.

86. Plaintiffs' Images have not been copyrighted under federal law.

87. Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under the Tennessee Personal Rights Protection Act of 1984, T.C.A. §§ 47-25-1101 to 47-25-1108 "TRPA" or "ELVIS Act" the unauthorized use of a person's image or likeness for purposes of advertising goods or services or fundraising/soliciting donations, among other purposes is unlawful.

88. Palmas LLC misappropriated Plaintiffs' likenesses by publishing their image and likeness on Palmas LLC' website or related social media accounts as part of Palmas LLC' advertising campaign.

89. Palmas LLC' use and publication of Plaintiffs' Images as set forth in the exhibits attached to this complaint was to advertise their establishment was for the purpose of advertising goods or services.

90. Plaintiffs are further informed and believe and hereon allege that discovery will

prove that Palmas LLC' republicized Plaintiffs' image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

91. Plaintiffs are informed and believe and hereon allege that Palmas LLC' republication of Plaintiffs' image and likeness was altered so as to reach a new audience and/or promote a different product.

92. Palmas LLC published, performed, distributed, transmitted or otherwise made available to the public each Plaintiffs' image and likeness with knowledge that the use was unauthorized.

93. Palmas LLC knew or reasonably should have known that the use of Plaintiffs' Images was unauthorized.

94. Palmas LLC' use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value or for purposes of comment, criticism, scholarship, satire, or parody.

95. Palmas LLC never obtained Plaintiffs' consent for the use of their images and likenesses.

96. Palmas LLC' use of each Plaintiffs' photographs and likenesses was willful and deliberate.

97. As a direct and proximate result of Palmas LLC' scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Palmas LLC' establishment, Palmas LLC enjoyed increased revenues and profits.

98. As a further direct and proximate result of Palmas LLC' deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

99. Under the Elvis Act, Plaintiffs are entitled to injunctive relief, destruction of any materials created in violation of the law; actual damages, plus any profits that are attributable to the violation.

## FOURTH CAUSE OF ACTION
**(Common Law Right of Publicity)**

100. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

101. Palmas LLC have appropriated each Plaintiff's likeness for Palmas LLC' commercial purposes without authority or consent from Plaintiffs.

102. Palmas LLC misappropriated Plaintiffs' likenesses by publishing their image and likeness on Bar Watson's website or related social media accounts as part of Palmas LLC' advertising campaign.

103. Bar Watson's website and social media accounts were designed to advertise and attract business to Bar Watson and generate revenue for Palmas LLC.

104. Plaintiffs are informed and believe and hereon allege that the manner in which Palmas LLC posted and publicized their image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Palmas LLC published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

105. Plaintiffs are further informed and believe and hereon allege that discovery will prove that Palmas LLC' republicized Plaintiffs' image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

106. Plaintiffs are informed and believe and hereon allege that Palmas LLC' republication of Plaintiffs' image and likeness was altered so as to reach a new audience and/or promote a different product.

107. Upon information and belief, Palmas LLC' use of Plaintiffs' image and likeness did in fact attract clientele and generate business for Palmas LLC.

108. At no point did any Defendant ever seek or receive permission or consent to use any Plaintiffs image and likeness for any purpose.

109. Palmas LLC were at all relevant times aware that they had never received any Plaintiffs' permission or consent to use their image and likeness in any medium for any purpose.

110. At no point did Palmas LLC ever compensate Plaintiffs for its unauthorized use of their image and likeness.

111. Plaintiffs have been damaged in amounts to be proved at trial.

## FIFTH CAUSE OF ACTION
**(Violation of the Tennessee Consumer Protection Act of 1977, T.C.A. 47-18-101 to 47-18-570)**

112. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

113. Palmas LLC operated their website and social media accounts in order to promote Palmas LLC' establishment, to attract clientele thereto, and to thereby generate revenue for Palmas LLC.

114. As such, Palmas LLC' operation of the website and social media accounts, and their publication of image and likeness thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Tennessee.

115. Palmas LLC publication and use Plaintiffs' image and likeness was in a manner that Plaintiffs gave consent for the use of their Images, and/or created the false impression that Plaintiffs were either strippers working at Palmas LLC' establishment, endorsed the same, or were otherwise affiliated, associated, or connected with Bar Watson.

116. As such, Palmas LLC' intent in publishing Plaintiffs' image and likeness was to mislead the public as to Plaintiffs' employment at and/or affiliation with Bar Watson.

117. Palmas LLC thus engaged in unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce in the state of Tennessee.

118. Palmas LLC' advertising practices offend the public policy of Tennessee insofar as it constitutes misappropriation of Plaintiffs' property rights in their own image and likeness, and

invasion of Plaintiffs' privacy, for Palmas LLC commercial benefit.

119. Palmas LLC' advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs worked for, endorsed, or are otherwise affiliated with Bar Watson.

120. Palmas LLC advertising practices cause injury to consumers by creating the false impression that Plaintiffs worked for, endorsed, or are otherwise affiliated with Bar Watson.

121. There are no benefits to Palmas LLC' advertising practices as set forth hereon except a benefit to Palmas LLC' own commercial interests.

122. As a result of Palmas LLC' unauthorized and misleading publication of Plaintiffs' image and likeness on their website and social media accounts, each of the Plaintiffs' reputations was injured, and each of the Plaintiffs' ability to market herself as a model was injured.

123. As a result of Palmas LLC' unauthorized and misleading use of Plaintiffs' image and likeness, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## SIXTH CAUSE OF ACTION
**(Defamation- Palmas LLC)**

124. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

125. As detailed throughout this Complaint, Palmas LLC have published and altered the image and likeness of Plaintiffs in order to promote their establishment to the general public and potential clientele.

126. Palmas LLC' publication of said image and likeness constitutes a representation that Plaintiffs were either employed by Defendant, that they endorsed Defendant, or that they had some affiliation with Defendant.

127. None of these representations were true.

128. In publishing Plaintiffs' Images, it was Palmas LLC' intention to create a false

impression to the general public that Plaintiffs worked for, endorsed, or are otherwise affiliated with Palmas LLC.

129. Palmas LLC were at least negligent in publishing Plaintiffs' image and likeness because they knew, or should have known, that Plaintiffs were not employed by Palmas LLC, had no affiliation with Palmas LLC, had not consented to the use of their image and likeness, and had not been compensated for the use of their image and likeness.

130. In the alternative, Palmas LLC published the image and likeness of Plaintiffs with actual malice because they knew – or reasonably should have known – that Plaintiffs were not employed by Palmas LLC, had no affiliation with Bar Watson, had not consented to the use of their image and likeness, and had not been compensated for the use of their image and likeness.

131. Despite Palmas LLC' knowledge and awareness of these facts, they nevertheless made the decision to publish Plaintiffs' image and likeness to attract clientele and generate revenue for themselves.

132. Defendant's publication of Plaintiffs' image and likeness constitutes defamation under Tennessee law because said publication falsely accuses Plaintiffs of having acted in a manner – i.e., worked for, endorsed, or was otherwise affiliated with Defendant's establishment which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

133. Palmas LLC' publication of Plaintiffs' image and likeness likewise constitutes defamation per se under Tennessee law because said publication would tend to injure each Plaintiff in her trade, business, and profession as a professional model.

134. This is because any company or brand that sought to hire any of the Plaintiffs as a company or brand representative would be less likely to do so upon learning that she was working for or endorsing the business, an inference which Palmas LLC' publication of the image and likeness support.

135. Palmas LLC' publication of Plaintiffs' image and likeness likewise constitutes defamation per se under Tennessee law because, insofar as said publication falsely portrays each of the Plaintiffs as Bar Watson's employee, it imputes unchastity to her.

136. Palmas LLC' publication of Plaintiffs' image and likeness caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SEVENTH CAUSE OF ACTION
**(Negligence/Respondeat Superior- Palmas LLC)**

137. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

138. Plaintiffs are further informed and believe and hereon allege that Palmas LLC maintain or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the unauthorized and nonconsensual use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

139. Further, Palmas LLC should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

140. Palmas LLC owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

141. Similarly, Palmas LLC further owed a duty of care to Plaintiffs to ensure that their promotional and/or advertising materials and campaigns did not deceptively or falsely portray a connection, affiliation, or sponsorship between Plaintiffs and Bar Watson.

142. Palmas LLC breached their duty of care to Plaintiffs by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity

rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

143. Palmas LLC further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Tennessee law, were not violated. Palmas LLC breached their duty of care to Plaintiffs by their negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

144. Palmas LLC' breach was the proximate cause of the harm Plaintiffs suffered when their Image was published without consent, authorization, or compensation, and done so in a false, misleading and/or deceptive manner.

145. As a result of Palmas LLC' negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
**(Conversion)**

146. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

147. Each Plaintiff is, and at all relevant times were, the exclusive owners of all rights, title and interest in their image and likeness, and have property interests thereon.

148. By the conduct detailed above, Palmas LLC converted Plaintiffs' property rights in their image and likeness for their own use and financial gain.

149. As a result of Defendant's unlawful conversion of Plaintiffs' image and likeness, and publication of same, Plaintiffs have suffered damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
**(Unjust Enrichment)**

150. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

151. As set forth in detail above, Palmas LLC published Plaintiffs' Images in order to promote the Palmas LLC' establishment to the general public and potential clientele.

152. Palmas LLC' publication was for the purpose of creating a false impression to the general public that Plaintiffs were either entertainers working at or endorsed the night club.

153. Palmas LLC' purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

154. Upon information and belief, Palmas LLC did in fact benefit commercially due to their unauthorized use of Plaintiffs' Images.

155. Palmas LLC have been enriched by their unauthorized control over, and publication of, Plaintiffs' Image because said publication has assisted Palmas LLC in attracting clientele to their establishment.

156. Plaintiffs have not been compensated for Palmas LLC' commercial exploitation of their Images, and thus any financial benefit which Palmas LLC received due to said exploitation is unjust.

157. As such, Plaintiffs have been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
**(Quantum Meruit)**

158. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

159. Plaintiffs are internationally known models who earn their livings appearing in, inter alia, commercials, advertisements, and publications on behalf of companies and brands.

160. Companies and brands that choose to hire Plaintiffs compensate them for their appearances.

161. Although Palmas LLC have availed themselves of the benefit of being associated with Plaintiffs, and making it appear to potential customers that Plaintiffs either work at or endorse their establishment, or are otherwise affiliated with their establishment, Palmas LLC have not

compensated Plaintiffs.

162. Plaintiffs are therefore entitled to reasonable compensation for Defendant's unauthorized use of their image and likeness.

**ELEVENTH CAUSE OF ACTION**
**(Negligence- FTR LLC)**

163. Plaintiffs re-allege each and every allegation set forth in the paragraphs above, and incorporate the same by reference as though fully set forth herein.

164. Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of FTR LLC now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of FTR LLC.

165. Plaintiffs are further informed and believe and, on such information and belief, allege that each of FTR LLC's employees and/or contractors is now and at all times mentioned herein was the agent and servant of Defendants. Thus, in doing the acts alleged herein, FTR LLC's employees were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of FTR LLC and as such that FTR LLC has authorized and/or ratified the wrongful activities of each of its employees and/or contractors. See e.g. Evans v. Tacoma Sch. Dist. No. 10, 195 Wn. App. 25, 47, 380 P.3d 553 (2016).

166. Plaintiffs are further informed and believe and hereon allege that FTR LLC maintained or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the unauthorized and non-consensual use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

167. Further, FTR LLC should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

168. FTR LLC owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

169. FTR LLC further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

170. FTR LLC breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

171. FTR LLC further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with Federal and Washington law, were not violated. FTR LLC breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

172. FTR LLC breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

As a result of FTR LLC's negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs respectfully request Judgment in their favor and against Defendants as follows:

(a) For actual damages, in an amount to be determined at trial, relating to Plaintiffs' Causes of Action;

(b) For an order permanently enjoining Defendants from using Plaintiffs' Images to promote Defendants' Night Club;

(c) For punitive damages and treble damages under the Lanham Act, 15 U.S.C. § 1117 and T.C.A 47-18-101, *et seq.*;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117 and T.C.A 47-18-101, *et seq*.;

(e) For all damages available to Plaintiffs under the Tennessee Personal Rights Protection Act of 1984, T.C.A. §§ 47-25-1101 to 47-25-1108 ("TRPA" or "ELVIS Act");

(f) For all damages available to Plaintiffs under Tennessee Consumer Protection Act of 1977,T.C.A. 47-18-101 to 47-18-570;

(g) For such other and further relief as the Court may deem just and proper.

Dated: November 20, 2026.
New York, NY

/s/ John V. Golaszewski

John V. Golaszewski
New York Bar No. 4121091
**THE CASAS LAW FIRM, P.C.**
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
Tel: 855-267-4457
Fax: 855-220-9626
john@talentrights.law
*Pro Hac Vice Application Forthcoming*

*/s/ Tripp Watson*

Tripp Watson
Bar Number: 29968
**INTELLECTUAL PROPERTY CONSULTING, LLC**
2007 3rd Ave N
Birmingham, AL 35203
(205) 545-7278
twatson@iplawconsulting.com